UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FIELD CALHOUN                                    CIVIL ACTION NO. 23-cv-1590

VERSUS                                           JUDGE S. MAURICE HICKS, JR.

TERRANCE WINN                                    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Field Calhoun ("Plaintiff") filed this civil action on behalf of himself and an entity he identifies as Priorities Intentions Practical Exchange (PIPE). The only named defendant is Terrance Winn, who Plaintiff alleges used PIPE funds without proper authority. For the reasons that follow, it is recommended that this civil action be dismissed for lack of subject matter jurisdiction.

**Relevant Facts**

Plaintiff filed a complaint on a form provided by the court for the initiation of a civil action. The form asked that Plaintiff provide a short and plain statement of the claim and describe the damages or relief he asks the court to order. Plaintiff wrote that Winn used PIPE organization funds without authority from the board of directors. Plaintiff also alleged that Winn received grants intended for the organization and used the funds personally without notifying the board. Plaintiff asked that Winn be banned from membership and participation in PIPE, be ordered to turn over debit cards and checkbooks for the organization, and be ordered to repay the money he allegedly took.

**Analysis**

    **A. Authority to Review for Jurisdiction**

Plaintiff is proceeding in forma pauperis, and this court is authorized by 28 U.S.C. § 1915(e)(2) to review IFP complaints and dismiss them if they are frivolous. The court also has a duty to examine the basis for subject matter jurisdiction. Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997). If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915. Humphries v. Various Federal U.S. INS Employees, 164 F.3d 936, 941 (5th Cir. 1999). The court may act on its own motion; the objections period that follows this recommendation satisfies the requirement that Plaintiff be afforded notice and an opportunity to be heard on the jurisdictional issue prior to dismissal. See Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). "They possess only that power authorized by Constitution and statute." Id. There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

    **B. Diversity Jurisdiction**

One basis for original jurisdiction is diversity jurisdiction under 28 USC § 1332. For diversity jurisdiction to exist, the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship. Bynane v. Bank of New York Mellon, 866

F.3d 351, 355 (5th Cir. 2017). The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction. Id.

Diversity of citizenship requires that each plaintiff be a citizen of a different state than each defendant. Mitchell v. Bailey, 982 F.3d 937, 942 (5th Cir. 2020). Plaintiff alleges in the complaint that both he and Terrance Winn are citizens of Louisiana. The complaint does not include any indication of the amount in controversy, but regardless of the amount at issue the lack of diversity of citizenship means that there is no basis for the exercise of diversity jurisdiction under Section 1332.

### C. Federal Question Jurisdiction

The other basis for jurisdiction typically invoked in civil cases is federal question jurisdiction under 28 U.S.C. § 1331. Jurisdiction under the statute is assessed based on the well-pleaded complaint rule. It provides that a federal court has jurisdiction only if a federal question appears on the face of the well-pleaded complaint. Gutierrez v. Flores, 543 F.3d 251-52 (5th Cir. 2008). Even if a claim invokes federal jurisdiction, it may nonetheless be dismissed for want of subject-matter jurisdiction if the claim is not colorable. That is, the court lacks jurisdiction if the complaint invokes federal law but the claim is immaterial and made solely for the purpose of obtaining jurisdiction, or the claim is wholly insubstantial and frivolous. In re: KSRP, Ltd., 809 F.3d 263, 267 (5th Cir. 2015), citing Bell v. Hood, 66 S.Ct. 773 (1946).

Plaintiff alleges that Winn wrongfully converted funds. A tort claim for conversion or breach of fiduciary duty is based on state rather than federal law. Plaintiff does invoke a federal statute, 18 U.S.C. § 641, which makes it a crime to embezzle or convert money

or property of the United States. Federal criminal statutes may be enforced by government prosecutors, but they do not give rise to a private right of action enforceable by a private individual unless there is a statutory basis for inferring that a civil action of some sort is created by the statute. Thomas v. Abebe, 833 Fed. Appx. 551, 555 (5th Cir. 2020). Thus, there is no jurisdiction for a federal court to preside over a suit between private parties when the only federal law allegedly violated is criminal. Sierra v. Dallas County D.A.'s Office, 2023 WL 7285930, *4 (N.D. Tex. 2023). There is no language in the cited statute that supports a private civil action, so Plaintiff has not established a basis for federal question jurisdiction under Section 1331.

**Conclusion**

Plaintiff has not set forth a factual basis for the court to exercise diversity jurisdiction, and he has not asserted a colorable non-frivolous federal claim that would support the exercise of federal question jurisdiction. It is possible that he has asserted state law claims for conversion or the like against his fellow Louisiana citizen, but "generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." Guiterrez, 543 F.3d at 252, quoting Bernhard v. Whitney Nat'l Bank, 523 F.3d 546, 551 (5th Cir. 2008). There may be a proper court or forum for Plaintiff to seek relief on state law claims, but this federal court is not it.

Even if this court had subject matter jurisdiction over the claims presented, Plaintiff would not be allowed to represent PIPE in this proceeding. Only a licensed attorney who is admitted to the bar of this court may represent a corporation or other legal entity. Memon v. Allied Domecq QSR, 385 F.3d 871, 873 (5th Cir. 2004).

Accordingly,

It is recommended that Plaintiff's complaint be dismissed without prejudice for lack of subject-matter jurisdiction and pursuant to 28 U.S.C. § 1915(e)(2).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 14th day of November, 2023.

Mark L. Hornsby
U.S. Magistrate Judge